Clerk's Original

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
__TALLAHASSEE__ DIVISION

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

GERRARD D. JONES,

Inmate # 503034
(Enter full name of Plaintiff)

SECOND AMENDED

4:18-CV-76-MW-GRJ

vs.

CASE NO: _____
(To be assigned by Clerk)

1. TORREY M. JOHNSON (B/M),
2. MR. SPEIGHTS (B/M),
3. MS. BUTLER (W/F),
(ALL SUED "OFFICIAL CAPACITY")

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

I.   **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:  GERRARD D. JONES
Inmate Number  S03034
Prison or Jail:  FLORIDA STATE PRISON
Mailing address:  P.O. BOX 800
RAIFORD, FLORIDA
32083

II.   **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1)   Defendant's name:  TORREY M. JOHNSON (B/M)
      Official position:  COLONEL
      Employed at:  UNION C.I.
      Mailing address:  7819 N.W. 228th ST.
      RAIFORD, FL 32026

(2)   Defendant's name:  MR. SPEIGHTS (B/M)
      Official position:  ASST. WARDEN (PROGRAMS)
      Employed at:  JEFFERSON C.I.
      Mailing address:  1050 BIG JOE ROAD
      MONTICELLO, FL 32344

(3)   Defendant's name:  MS. BUTLER (WHITE FEMALE)
      Official position:  CLASSIFICATION SUPERVISOR
      Employed at:  JEFFERSON C.I.
      Mailing address:  1050 BIG JOE ROAD
      MONTICELLO, FL 32344

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.  PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.  Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(X)          No( )

1.  Parties to previous action:
    (a)  Plaintiff(s): ___SEE 3-A AND 3-B.___
    (b)  Defendant(s): _____
2.  Name of judge: _____   Case #: _____
3.  County and judicial circuit: _____
4.  Approximate filing date: _____
5.  If not still pending, date of dismissal: _____
6.  Reason for dismissal: _____
7.  Facts and claims of case: _____

(Attach additional pages as necessary to list state court cases.)

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes(X)          No( )

1.  Parties to previous action:
    a.  Plaintiff(s): ___SEE 3-A AND 3-B.___
    b.  Defendant(s): _____
2.  District and judicial division: _____
3.  Name of judge: _____   Case #: _____
4.  Approximate filing date: _____
5.  If not still pending, date of dismissal: _____
6.  Reason for dismissal: _____

3

CONTINUATION PAGE LISTING ALL OF PLAINTIFF'S PRIOR "STATE COURT" CASES, SUCCINTLY.

THESE CASES BELOW, ARE ALL RELATED TO MY QUEST TO HAVE "FDOC" REMOVE BOGUS PRISON DISCIPLINARY REPORTS, RESTORE GAINTIME, RESTORE ME BACK TO GENERAL POPULATION, FROM "CM" (CLOSE MANAGEMENT), AND TO CHALLENGE "RETALIATION" & "CONDITIONS OF CONFINEMENT", AND, TO CHALLENGE AGENCY (FDOC) NON-COMPLIANCE WITH THE "ADA" (AMERICANS WITH DISABILITIES ACT OF 1990). ALSO, THE APPEALS TO THE FIRST DCA FROM DENIAL/DISMISSAL OF SOME LOWER COURT ACTIONS. EACH ONE WAS LITIGATED ADMINISTRATIVELY AND JUDICIALLY. JUDGE GEORGE REYNOLDS AND JOHN COOPER HANDLED THE LEON COUNTY LOWER COURT CASES AND THE VARIOUS JUDGES OF THE FIRST DCA HANDLED THE ENSUING APPEALS. JUDGE KAREN GIEVERS HANDLED THE TWO (2) JEFFERSON COUNTY CASES #2013-CA-33, AND 2014-CA-237 (JONES-V-CREWS, AND JONES-V-A. HUDSON). JUDGE JOHN F. SIMON HANDLED THE SOLE SANTA ROSA COUNTY CASE, #2015-CA-209 (JONES-V-MACK). ALL THESE STATE COURT CASES WERE FILED BETWEEN 2012 AND CONCLUDED BY 2017, IN THE FIRST DCA. ALSO A "2011" MIAMI-DADE COUNTY "DIVORCE" (CASE # UNKNOWN) I HAVE FILED A "MANDAMUS" ACTION (WITH "ADDENDUM") IN LEON COUNTY ON 2-20-18 AND 2-26-18, TO REMOVE ME FROM "CM" (NO CASE # YET FOR THAT). OTHERWISE, LISTED BELOW STATE CASES.

**—(LEON)—**

- ✓ 2012-CA-2275
- ✓ 2014-CA-3256
- ✓ 2014-CA-3287
- ✓ 2015-CA-1304
- ✓ 2015-CA-2253
- ✓ 2015-CA-2408
- ✓ 2015-CA-2591*  ⎫
- ✓ 2015-CA-2594   ⎬ CONSOLIDATED THESE 3 CASES (JONES-V-GOLDHAGEN)
- ✓ 2015-CA-2596  ⎭
- ✓ 2016-CA-1015
- ✓ 2016-CA-1306
- ✓ 2016-CA-1308
- ✓ 2016-CA-1309
- ✓ 2016-CA-1467
- ✓ 2016-CA-1469
- ✓ 2016-CA-1478
- ✓ 2016-CA-1643
- ✓ 2016-CA-1845
- ✱ 2018-CA- "CM APPEAL"? (FILED)
- ✱ 2018-CA- "DR APPEAL"? (TO BE FILED)

NOTE ✱ ALL LEON AND STATE CASES ARE CLOSED, EXCEPT THE "CM APPEAL" AND "DR APPEAL" I'M LITIGATING NOW, WITH THE ✱, BOTH ARE 2018 CASES.

**—(FIRST DCA)—**

- ✓ 1D13-2645 JONES-V-CREWS.
- ✓ 1D15-2106 JONES-V-FDOC.
- ✓ 1D15-2377 JONES-V-HUDSON, et al.
- ✓ 1D15-4831 JONES-V-JOHNSON.
- ✓ 1D15-5190 JONES-V-HUDSON.
- ✓ 1D15-5880 JONES-V-FDOC.
- ✓ 1D16-0597 JONES-V-STRAIN, et al.
- ✓ 1D16-0696 JONES-V-MURPHY.
- ✓ 1D16-2974 JONES-V-MACK.
- ✓ 1D16-2990 JONES-V-FDOC.
- ✓ 1D16-3481 JONES-V-COKER.

✱ (FLA. SUPREME COURT) ✱
THE FLA. SUPREME COURT SAYS I DIDN'T FILE CASES WITH THEM. (I THOUGHT I DID, BUT, I GUESS NOT).

(3-A)

CONTINUATION PAGE LISTING ALL OF PLAINTIFF'S PRIOR "FEDERAL COURT" CASES, SUCCINTLY.

— 11th CIRCUIT COURT OF APPEALS —
✓ CASE # 16-15254-C
(JONES.V-JOHNSON)
(MANDAMUS TO COMPEL ACTION)
OPENED 2016. CLOSED 2017.

— N.D. TALLAHASSEE —
✓ CASE # 4:16-CV-36
(JONES.V-JOHNSON)
(CIVIL SUIT)
OPENED 2016. CLOSED 2016.

✓ CASE # 4:16-CV-236
(JONES.V-LAWSON)
(CIVIL SUIT)
OPENED 2016. CLOSED 2017.

✓ CASE # 4:18-CV-76
(JONES.V-JOHNSON)
(CIVIL SUIT)
OPENED 2018. PENDING.

✓ CASE # 4:18-CV-77
(JONES.V-LAWSON)
(CIVIL SUIT)
OPENED 2018. PENDING.

— N.D. PENSACOLA —
✓ CASE # 3:18-CV-155
(JONES.V-SCHWARZ)
(CIVIL SUIT)
OPENED 2018. PENDING.

✓ CASE # 3:16-CV-313
(JONES.V-SCHWARZ)
(CIVIL SUIT)
OPENED 2016. CLOSED 2017.

— M.D. JACKSONVILLE —
✓ CASE # 3:16-CV-35
(JONES.V-JOHNSON)
(CIVIL SUIT TRANSFERRED)
OPENED 2016. CLOSED 2016.

✱ NEW CASE FILED 3-23-18, NO CASE # YET. (M.D. JAX) JONES.V-FDOC, HABEAS "DR"/"CM" APPEAL FROM 1D16-0597.

— M.D. TAMPA —
✓ CASE # 8:91-CV-1083
✓ CASE # 8:92-CV-795
✓ CASE # 8:92-CV-1000
✓ CASE # 3:16-CV-35?
(I CANNOT RECALL WHAT THESE OLD 91/92 CASES ENCOMPASS. I BELIEVE IT WAS "JAIL CONDITIONS". I THINK THE 3:16-CV-35 CASE WAS A "TRANSFER" I THINK.)

— M.D. OCALA —
✓ CASE # 5:18-CV-56
JONES-V-FDOC,
(HABEAS TO EXPUNGE DISCIPLINARY REPORTS)
OPENED 2-16-18. PENDING.

✓ CASE # 5:18-CV-78 (✱NEW)
JONES.V-RODGERS, et al
CIVIL SUIT ABOUT CM/RETALIATION

✓ PRIOR FEDERAL DISMISSAL AS "FRIVOLOUS": CASE # 3:16-CV-313 (N.D. PENSACOLA), WAS "DISMISSED" AS "FRIVOLOUS", DUE TO ME NOT LISTING "all prior cases". THAT CASE IS NOW REFILED IN N.D. PENSACOLA, AS CASE # 3:18-CV-155. (PENDING). OTHER THAN THAT, I HAVE NO KNOWLEDGE OR RECOLLECTION OF any OTHER DISMISSAL AS "FRIVOLOUS", IN ANY OTHER COURT. I DEFER TO THIS COURT'S FURTHER SCRUTINY.

✱ A PRISON GUARD (OFFICER RICHARDSON), A DEFENDANT IN CASE # 3:18-CV-155, STOLE A HUGE BOX OF PLAINTIFF'S LEGAL FILES, WHICH NOW HINDERS PLAINTIFF'S EFFORTS IN COMPLYING WITH LISTING ALL HIS CASES. PLAINTIFF IS ON MULTIPLE PSYCHOTROPIC MEDICATIONS, AND, CANNOT REMEMBER ALL CASE DETAILS, AND MAKES THIS "GOOD FAITH" EFFORT. 

Gerard Jones

(3-B)

7. Facts and claims of case: _3-A AND 3-B_

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)        No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _3-A AND 3-B._
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(X)        No( )

1. Parties to previous action:
   a. Plaintiff(s): _3-B._
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case Docket # _____
4. Approximate filing date: _____   Dismissal date: _____
5. Reason for dismissal: _____

4

6. Facts and claims of case: _SEE 3-B._

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. ANTONIO M. HUDSON (NOW DECEASED) FORMERLY THE ASSISTANT WARDEN OF SECURITY AT JEFFERSON C.I., WAS ENGAGED WITH TORREY M. JOHNSON (THEN-COLONEL) IN A CAMPAIGN OF HARRASSMENT AGAINST ME FOR MY GRIEVANCE WRITINGS AND JAILHOUSE LAWYERING, DURING 2013 THRU 12-24-14. JOHNSON HAD BECAME OBSESSED WITH HARRASSING ME, TO THE POINT OF CREATING "BOGUS" SEARCHES AND HAVING ME PLACED IN CONFINEMENT AS RETALIATION FOR ME WRITING UP GRIEVANCES/COURT ACTIONS, ETC (FREEDOM OF SPEECH).

2. I WAS IN CONFINEMENT ON JOHNSON'S ORDERS, AND WAS IN MY CELL, AND WAS NOT SCHEDULED FOR ANY APPOINTMENTS OUT OF MY CELL. I HAD BEEN WRITING GRIEVANCES AGAINST JOHNSON AND HUDSON TO HEADWARDEN (C.L. HODGSON) ABOUT THEIR HARRASSMENT OF ME, FOR MONTHS PRECEDING 10-7-14.

3. SUBSEQUENTLY, WHILE STILL IN CONFINEMENT ON JOHNSON'S BOGUS/RETALIATORY LOCK-UP, TWO (2) OFFICERS CAME TO MY CELL AND TOLD ME I HAD A "CALL-OUT" (10-7-14). THEY HANDCUFFED ME BEHIND MY BACK AND TOOK ME TO A VERY SMALL ROOM USED BY STAFF FOR ADMINISTRATIVE PURPOSES. IT'S A CLOSET-SIZED ROOM.

5

4. In the room was Hudson, Johnson, Mr. Speights and Ms. Butler (Ms. Butler had a cast on her leg), and Speights and Butler were seated at a table, which Hudson was leaning on. Johnson was at the door.

5. The guards escorted me past several inmates who were in the hallway, awaiting to be given job assignments by Hudson/Johnson/Speights/Butler, who comprised the administrative board that day, on October 7th, 2014, and put me on the wall in the room (still cuffed behind my back) and left.

6. Upon being deposited into the room, Hudson and Johnson began profanely cursing/yelling at me, and getting physically in my face/space, pointing their fingers in my face.

7. Speights and Butler saw these aggressive actions and seemed very uncomfortable at what was transpiring, but they just stared, uncomfortably.

8. Hudson got right up in my face and told me that I "better not write Johnson up no more." Hudson was being physically intimidating. He's 6'3, 290 pounds.

9. Hudson said "I got something for you", and he called me "old school" and by my prison nickname "Lawyerboy", and he said several vulgar things to me, calling me obscene names. He then said "Know what I mean, old school?" He was escalating his voice and he was acting erratically, as if he was going to strike me, and no-one present said anything to diffuse him, even though it was clear Hudson was conveying violence.

5-A)

10. I THEN ASKED HUDSON IF HE WAS SAYING THAT HE WOULD PHYSICALLY HARM ME (FOR ME FILING GRIEVANCES), AS THE "OLD SCHOOL" REFERENCE IS A WELL-KNOWN "CODEWORD" IN PRISONSPEAK FOR HOW GUARDS WOULD BEAT UP PRISONERS WHO FILED GRIEVANCES.

11. HUDSON RESPONDED BY GRABBING ME AND DOING SOME MANEUVERS, WHICH TWISTED MY ARM/SHOULDER (LEFT) INTO A PAINFULLY UNNATURAL SERIES OF DIRECTIONS, RESULTING IN THE DISLOCATION OF MY ARM/SHOULDER, COMPLETELY OUT OF THE SOCKET, ALL WHILE I WAS STILL HANDCUFFED behind my back, HELPLESS, AND PASSIVE at all times. HE "YANKED ME AROUND" 2 MINUTES.

12. JOHNSON WAS CURSING AT ME, AND SPEIGHTS AND BUTLER SEEMED DESPONDENT. EACH OF THOSE THREE COULD HAVE PHYSICALLY INTERVENED AND/OR VERBALLY INTERVENED, AND EACH HAD A DUTY TO, BUT DIDN'T, WHILE HUDSON MANHANDLED/INJURED ME FOR at least TWO (2) CLOCK MINUTES, WITH JOHNSON'S ENCOURAGING HIM TO.

13. HUDSON THEN, AFTER DISLOCATING MY LEFT ARM/SHOULDER, JACKED ME UP BY MY LEFT ARM/SHOULDER, AND "COLLARED ME", WITH HIS OTHER HAND, AND LIFTED/DRUG ME OUT INTO THE HALLWAY.

14. HE PUSHED ME AROUND, TWISTING MY LEFT ARM/SHOULDER, AND BEGAN DRAGGING ME ("ON CAMERA NOW") DOWN THE HALLWAY, TOWARDS MY CONFINEMENT CELL, AS THE 2 GUARDS WHO HAD BROUGHT ME, RAN TO CATCH UP WITH HUDSON DRAGGING ME AWAY. (THE GUARDS FINALLY CAUGHT UP TO US).

5-B)

15. I WAS SCREAMING IN EXTREME PAIN, AND HUDSON ORDERED THE GUARDS TO PUT ME BACK INTO MY CONFINEMENT CELL.

16. THE GUARDS TOOK ME TO MY CELL, ALTHOUGH I BEGGED THEM TO TAKE ME TO MEDICAL. THEY SAID THAT HUDSON ORDERED THEM TO PUT ME BACK IN MY CELL, WHICH THEY DID.

17. THE NEXT DAY, I WAS SEEN FOR EMERGENCY SICK-CALL, BY DR. PLISKIN. SHE SAW MY INJURIES, RENDERED AID, GAVE ME PAIN MEDS, AN ARM SLING, AND ORDERED ME TO BE X-RAYED, WHICH WAS DONE 10-14-14.

18. DR. PLISKIN READ THE X-RAYS, AND ORDERED ME TO BE GIVEN ORTHOSURGERY AT AN OUTSIDE FACILITY, AND SHE WROTE THIS IN MY MEDICAL FILES IN OCTOBER 2014.

19. MEANWHILE, I HAD WRITTEN GRIEVANCES TO THE HEADWARDEN ABOUT THE 10-7-14 ATTACK, AND OF JOHNSON, SPEIGHTS, BUTLER FAILING TO PROTECT ME. I TOLD THE WARDEN IN FURTHER GRIEVANCES THAT I WAS NOW PENDING SURGERY.

20. HUDSON AND JOHNSON "INTERCEPTED/STOLE" SOME OF MY GRIEVANCES, AND, UPON LEARNING THAT DR. PLISKIN HAD ORDERED ME TO SURGERY — THEY WENT TO MEDICAL, GOT MY FILE, AND (NOVEMBER) WROTE IN IT THAT MY SURGERY WAS "CANCELLED", AND, THAT I WAS NOT TO BE SENT OUT MY CELL, AND

5-C). THAT I WAS NOT TO HAVE ACCESS TO MY OWN MEDICAL FILES, TO FURTHER VIOLATE MY "FREEDOM OF SPEECH" RIGHTS.

21. THAT WAS DONE TO "COVER-UP" AND KEEP FROM DISCOVERY WHAT INJURIES I HAD SUSTAINED, AND HUDSON/JOHNSON ALSO CONTRACTED A DOCTOR IN TALLAHASSEE SOME WEEKS LATER, TO GET DR. PLISKIN'S "SURGERY ORDER" OVERRULED/RESCINDED.

22. ALL THIS WAS DONE WITH RETALIATION, MALICE, AND MOTIVATED BY ILL-WILL. ALL DEFENDANTS WERE ACTING UNDER COLOR OF STATE LAW, AND KNEW OR SHOULD HAVE THAT THEIR ACTIONS AND INACTIONS AS DESCRIBED HEREIN WERE UNCONSTITUTIONAL, IN VIOLATION OF THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

23. I SUFFERED PHYSICAL INJURY, EXCESSIVE PAIN, INTENTIONAL INFLICTION OF EMOTIONAL DURESS, PERMANENT INJURY, IN THAT, EVEN NOW MY LEFT ARM/SHOULDER KEEPS DISLOCATING FROM ITS SOCKET.

24. I WAS HUMILIATED, PHYSICALLY TRAUMATIZED, AND I LOSS A MAJOR PORTION OF USE OF MY LEFT ARM/SHOULDER, DETRACTING FROM MY QUALITY OF LIFE, AND IMPEDING MY ABILITY TO FULLY WORK/ENJOY LIFE, AS I AM LEFT-HANDED.

25. THEIR ALTERING OF MY MEDICAL FILES AND CANCELLING MY MEDICAL SURGERY/TREATMENT DENIED ME NEEDED CARE, CAUSED ME FURTHER SUFFERING, AND ALL OF THESE ACTIONS AND INACTIONS DENIED ME DUE PROCESS/EQUAL PROTECTION OF THE LAW, CONTRAVENING THE 14th AMENDMENT TO U.S. CONSTITUTION.

26. THEY ALSO WROTE "RETALIATORY" DISCIPLINARY REPORTS ON ME FOR ME EXERCISING MY FIRST AMENDMENT "FREEDOM OF SPEECH" RIGHT TO FILE GRIEVANCES (HUDSON/JOHNSON).

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

✓ 1ST AMENDMENT/U.S. CONSTITUTION - FOR RETALIATING AGAINST ME FOR FILING GRIEVANCES/COURT ACTIONS AS REGARDS "FREEDOM OF SPEECH" COMPONENTS.

✓ 8TH AMENDMENT/U.S. CONSTITUTION, FOR HUDSON INJURING ME AND THE OTHER 3 DEFENDANTS FAILING TO INTERVENE/PROTECT ME.

✓ 14TH AMENDMENT/U.S. CONSTITUTION - DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW AND TO BE FREE FROM DEFENDANTS ILLEGAL ACTS.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

JURY TRIAL, NOMINAL DAMAGES, DECLARATORY JUDGMENT THAT ALL DEFENDANTS VIOLATED MY RIGHTS AS PLED, COMPENSATORY DAMAGES OF $200 THOUSAND DOLLARS PER DEFENDANT, PUNITIVE DAMAGES OF $200 THOUSAND DOLLARS PER DEFENDANT, FOR A TOTAL AWARD OF $1 MILLION, 200 THOUSAND DOLLARS, PLUS PREVAILING-PARTY ATTORNEYS FEES/COSTS, AND ALL OTHER RELIEF DEEMED JUST & PROPER.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

3-27-18
(Date)

(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 2ND day of APRIL, 2018.

(Signature of Plaintiff)

Revised 03/07

7

GERRARD D. JONES #503034
FLORIDA STATE PRISON
P.O. BOX 800
RAIFORD, FLORIDA 32083



CLERK OF COURT
N. D. TALLAHASSEE
FEDERAL COURTHOUSE
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA
32301

