IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERRARD D'ANDRE JONES,

    Plaintiff,

v.                             Case No. 4:18-cv-76-MW-GRJ

TORREY M. JOHNSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prisoner litigant, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff was granted leave to proceed as pauper. (ECF No. 10.) He thereafter filed a second amended complaint, which is the operative complaint in this matter. (ECF No. 15.)

After screening the second amended complaint ("Complaint") the Court concluded that the allegations of the Complaint were sufficient to alert Defendants to the nature and factual basis of Plaintiff's claims and therefore directed service of the Complaint on Plaintiff's behalf. (ECF No. 17.) One of the Defendants upon whom the Court directed service was Mr. Speights, an assistant warden at Jefferson Correctional Institution ("Jefferson CI"). (*Id.*) According to Plaintiff, Mr. Speights failed to intervene

in another defendant's use of excessive force against Plaintiff in violation of

Plaintiff's Eight Amendment rights. (ECF No. 15.)

On May 3, 2018, however, the summons for Mr. Speights was

returned unexecuted, noting that the server was unable to serve the

summons on Mr. Speights because Mr. Speights is deceased. (ECF No.

24.) The Court therefore issued an order to show cause to Plaintiff

explaining that "[t]he only way Plaintiff would be able to pursue claims

against someone who is deceased is via the decedent's estate—assuming

the decedent even has an estate. In that case, Plaintiff must name a

personal representative of the estate." (ECF No. 27.) The Court gave

Plaintiff an opportunity to provide further information to the Court as to a

personal representative of Mr. Speights' estate and advised Plaintiff that if

he could not name a personal representative of Mr. Speights' estate, he

could not pursue claims arising from Mr. Speights' alleged unlawful

conduct. (*Id.*) The Court further advised that if he could not name a

personal representative of Mr. Speights' estate, a recommendation of

dismissal with regard to Mr. Speights would be appropriate. (*Id.*) (citing

Fed. R. Civ. P. 4(m); *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999);

*Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming

dismissal of claims against officer only identified as "John Doe (Unknown

Legal Name), Guard, Charlotte Correctional Institute").

Plaintiff responded to the Court's order to show cause by requesting the Court to provide Mr. Speights' full legal name and former home address so Plaintiff could find out whether Mr. Speights left an estate. (ECF No. 29.) According to Plaintiff, the process server had this information. (*Id.*)

The Court explained, however, that neither the process server nor the Court has the information Plaintiff requested. (ECF No. 30.)[1] Furthermore, even assuming the Florida Department of Corrections ("FDOC") had provided Mr. Speights' former address, the Court noted that such information would be confidential. (*Id.*) (citing Fla. Stat. § 119.071(4)(d)2.a.(I)). The Court therefore denied Plaintiff's request and again advised Plaintiff that if he could not name a personal representative of Mr. Speights' estate by June 6, 2018, he could not pursue claims arising from Mr. Speights' alleged unlawful conduct and a report and recommendation of dismissal with regard to Mr. Speights would be appropriate. (*Id.*)

Plaintiff has now responded, arguing that he is entitled to pre-suit discovery, aided by the Court, pursuant to *Billman v. Indiana Dep't of Corr.*,

---

[1] The process server attempted to serve Mr. Speights at Jefferson CI. (ECF Nos. 17, 24.)

56 F.3d 785 (7th Cir. 195). He also contends that if Mr. Speights simply no longer worked for the FDOC, the FDOC would have provided the information in confidence to the Court and the process server would have then served Mr. Speights at his home address. He further argues that the confidentiality provision in § 119.071(4)(d)2.a.(I) should yield to his right to have his lawsuit served. Presumably, Plaintiff means the Court has the authority to order the FDOC to provide Mr. Speights' former home address.

For starters, even assuming the Court had the authority to order the FDOC to provide Mr. Speights' former address in confidence, Plaintiff still has not provided a name to whom the summons should be served. *See* Fed. R. Civ. P. 4(a)(1)(B) (requiring the summons to be directed to the defendant).

Further, to the extent Plaintiff argues that he is entitled to pre-suit discovery, aided by the Court pursuant to *Billman*, this Court is not bound by *Billman*, a Seventh Circuit case. Plaintiff has identified no binding authority from either the Supreme Court of the United States or the United States Court of Appeals for the Eleventh Circuit requiring this Court to grant Plaintiff pre-suit discovery or somehow aid Plaintiff in some form of pre-suit discovery.

Regardless, the issue in *Billman* was different from the issue in this

case. In *Billman* the district court dismissed a state prisoner's action raising

Eighth Amendment claims *with prejudice* as frivolous because the

complaint did not name the specific individual defendants, nor did it allege

the requisite state of mind for any of the defendants. 56 F.3d at 787–88.

On appeal, the Seventh Circuit explained,

> [i]f a prisoner makes allegations that if true indicate a significant
> likelihood that someone employed by the prison system has
> inflicted cruel and unusual punishment on him, and if the
> circumstances are such as to make it infeasible for the prisoner
> to identify that someone before filing his complaint, his suit
> should not be dismissed as frivolous.

*Id.* at 789. The Seventh Circuit noted, however, that "[t]he absence of

names creates justifiable skepticism concerning this claim, but for the

reasons previously set forth a determination of frivolousness would be

premature when the plaintiff has been given no chance to explain why he

cannot (if he cannot) identify the guilty guards." *Id.* at 790. Accordingly, the

Seventh Circuit reversed in part and remanded the case to the district court

with directions that the district court reinstate the suit against the individual

defendants and assist the prisoner, within reason, to make the necessary

pre-suit investigation in an attempt to identify the individual defendants. *Id.*

This case is different. This case involves a situation where the

individual defendant is deceased. *Billman* did not address whether it would

be appropriate for the district court to assist Plaintiff in discovering whether

a decedent left an estate and if so, the name of the personal representative of that estate.

Moreover, unlike the district court in *Billman*, this Court gave Plaintiff two opportunities to identify a personal representative of Mr. Speights' estate. Plaintiff has not suggested that he utilized those opportunities by attempting to somehow discover whether Mr. Speights left an estate.

Furthermore, unlike *Billman*, this Court has not recommended the dismissal with prejudice of Plaintiff's entire complaint as frivolous. Nor is the Court recommending the dismissal of Plaintiff's claims against Mr. Speights with prejudice. Rather, the court has authorized Plaintiff to proceed with his claims against two other individual defendants.  In the event Plaintiff obtains information during discovery as to whether Mr. Speights left an estate and if so, the name of the personal representative of that estate, Plaintiff may file a motion for leave to amend his complaint so that he may name the personal representative of Mr. Speights' estate and proceed with his claims arising from Mr. Speights' alleged unlawful conduct.

At this juncture, however, Plaintiff cannot proceed with his claims against Mr. Speights because he cannot sue a defendant who is dead and he cannot sue a personal representative of Mr. Speights' estate because

Plaintiff has not alleged there is an estate for Mr. Speights or a personal representative for the estate. Service of the Complaint, therefore, cannot be effectuated and dismissal of Plaintiff's claims against Mr. Speights *without prejudice* is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's claims against Mr. Speights should be **DISMISSED** without prejudice.

**IN CHAMBERS**, this 8th day of June 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**