IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERRARD D'ANDRE JONES,

    Plaintiff,

v.                                        Case No. 4:18-cv-76-MW-GRJ

TORREY M. JOHNSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court are ECF No. 52, Defendants' Motion to Partially Dismiss Plaintiff's Second Amended Complaint and Plaintiff's Response. ECF No. 58. Plaintiff, a *pro se* prisoner litigant, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff was granted leave to proceed as a pauper. ECF No. 10. Thereafter he filed a Second Amended Complaint, which is the operative complaint in this matter. ECF No. 15.

Plaintiff's Second Amended Complaint names as defendants Torrey M. Johnson, Patricia Butler, and Assistant Warden Speights in their official capacities. *Id.* at 1. Speights is deceased and was dismissed from this lawsuit. ECF No. 37. Plaintiff alleges that, while incarcerated at Jefferson

1

Correctional Institution, he was handcuffed and taken to a small room with Johnson, Speights, Butler, and Antonio Hudson (a deceased non-party). ECF No. 15 at 7-8. Plaintiff further alleges that Johnson and Hudson screamed at him and told him to stop filing grievances against Johnson. *Id.* at 8. He further alleges that Hudson grabbed him and twisted his arm—dislocating his shoulder—and continued to "manhandle" him while Johnson encouraged Hudson, and Butler and Speights stood by and did nothing. *Id.* at 8-9.

Dr. Pliskin examined Plaintiff the following day and ordered that Plaintiff be sent to an outside facility for surgery. *Id.* at 10. However, after Plaintiff filed grievances against the defendants, Hudson and Johnson stole Plaintiff's grievances and altered his medical records to reflect that the surgery was cancelled. *Id.* Hudson and Johnson also ordered that Plaintiff not be sent out of his cell and prohibited Plaintiff's access to his medical files. *Id.* Hudson and Johnson also contacted a doctor in Tallahassee to "overrule" Dr. Pliskin's surgery order in an effort to cover up the injuries Plaintiff sustained from the attack. *Id.* at 11.

Plaintiff asserts First, Eighth, and Fourteenth Amendment claims against the defendants. *Id.* at 12. As to relief, Plaintiff seeks nominal

damages, a declaratory judgment that all defendants violated his rights, compensatory damages, attorney's fees, and all other relief deemed just and proper. *Id.* at 12.

Defendants filed the instant Motion to Partially Dismiss Plaintiff's Second Amended Complaint, asserting that, to the extent Plaintiff is suing Defendants in their official capacities for damages, they are entitled to Eleventh Amendment Immunity. ECF No. 52. Plaintiff filed a response to the Motion, stating that he agrees with the Motion to Partially Dismiss. ECF No. 58 at 1. Plaintiff further states that "all claims, upon the same facts will proceed as individual capacity claims." *Id.*

"[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, Plaintiff's damages claims against Defendants in their official capacities are suits against the FDOC. Because the FDOC is a state agency, Plaintiff's damages claims are barred in federal court by the Eleventh Amendment unless Congress abrogated that immunity or the state waived the immunity, consenting to suit in federal court. *See Coll.*

*Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

Neither of these exceptions apply to Plaintiff's claims. Congress has not abrogated states' Eleventh Amendment immunity for § 1983 claims. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (citing *Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004)). Florida's statutory waiver of sovereign immunity in § 768.28, Florida Statutes, with regard to claims in state court "does not constitute consent to suit in federal court under § 1983." *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1514-15 (11th Cir. 1986). Therefore, Plaintiff is not entitled to sue the FDOC in federal court for damages under § 1983, and his claims against Defendants in their official capacities are due to be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that Defendants' Motion to Partially Dismiss Plaintiff's Second Amended Complaint, ECF No. 52, should be **GRANTED**, that Plaintiff's official-capacity claims against the defendants for monetary damages should be **DISMISSED,** and that Plaintiff

may proceed on his claims against the Defendants in their individual capacities.

**IN CHAMBERS**, this 29th day of November 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.